OSCAR J. NELSON
v.
JOHN McEWEN.

*Real Property — Party Wall Agreement — Conditions — Refusal to
Abide by — Lien.*

This court holds that the builder of a party wall, under an agreement
with an adjoining proprietor that the same may be used by him upon pay-
ment of one-half the value thereof, is entitled upon bill filed to a decree for
compensation for the same, and providing that the amount involved shall
be a lien upon the premises of such proprietor using the wall but refusing
to pay therefor.

[Opinion filed December 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon.
OLIVER H. HORTON, Judge, presiding.

Messrs. ADAMS & HAMILTON, for appellant.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellee.

GARY, P. J.    In 1883, these parties made a party wall
agreement, under which the appellee erected a wall on the
line dividing their premises.    In 1885, the appellant used his
side of the wall by building to it, and paid the appellee for it.
At the same time the appellant erected the wall farther
toward the rear of the premises.    In 1888, the appellee used
his side of the extension by building to it, but does not pay
for it nor show any reason why.

Nelson v. McEwen.

The appellant filed his bill to have one-half of the cost of the extension built by him, and used by the appellee, declared a lien upon the premises of the appellee, as well as for a money decree.  After an answer, the cause was referred to a master, who found the amount that ought to be paid, and then the court dismissed the bill for want of jurisdiction. The money decree is but the equivalent of a judgment at law, and unless the appellant is entitled to the lien he claims, the remedy would be only at law.

So much of the agreement as it is necessary to state is as follows:

"And this indenture further witnesseth: That the said party of the first part does hereby covenant, promise, grant and agree that the said party of the second part, his heirs and assigns, shall and may at all times hereafter have the full and free liberty and privilege of joining to and using the said partition above mentioned, as well below and above the surface of the ground and along the whole length or any part of the length thereof, any building which he or they or any of them may desire or have occasion to erect on the said lot of the said party of the second part, and to sink the joists of such building or buildings into the said partition wall to a depth of four inches, and no further.

"Provided, always, nevertheless, and on this express condition, that the said party of the second part, his heirs and assigns, as aforesaid, before proceeding to join any building to the said partition wall, and before making any use thereof, or breaking into the same, shall pay unto the said party of the first part, his heirs and assigns aforesaid, the full moiety of one-half part of the value of the said party wall, or so much thereof as shall be joined to or used as aforesaid, which value shall be the cost price at the time when such wall is to be used by the said party of the second part, as fixed, estimated and assessed by three disinterested persons mutually chosen as arbitrators between them.

"And it is further agreed by and between the said parties, that if either of the above parties, their or either of their heirs and assigns, shall at any time hereafter desire to build a

barn or extend the wall hereinbefore mentioned, the party so building may build and erect such wall or extension in the same manner as above specified, and the other party shall have the same liberty and privilege of joining and using such wall or walls so built and erected as aforesaid, on complying with the same conditions as are hereinbefore required by the said party of the second part, as to the manner of joining to the wall above mentioned and paying for the same.    *    *    *

"And it is further mutually agreed between the said parties, that this agreement shall be perpetual, and at all times be construed as a covenant running with the land."

The question whether the appellant is entitled to a lien, is not new in this State. It is settled in his favor by Roche v. Ullman, 104 Ill. 11, and Gibson v. Holden, 115 Ill. 199.

It is true that in the first case there had been an injunction to stay the completion of the building to the wall, and to dissolve it only, and Roche gave a bond to perform any decree that might be made. This bond added nothing to the jurisdiction of the court. Roche being a remote grantee of the party to the agreement, there would be no ground for an injunction to stay him from building to his own side of the wall, unless the covenant to pay were annexed to the land he had acquired.

The court below had made a decree that Roche was personally liable, and that Ullman was entitled to a lien upon the premises of Roche. This court had affirmed that decree, but at that time the statute did not require the appellate courts to give reasons for affirmances. The brief for the counsel for Roche insisted that neither he nor his land was liable. The Supreme Court affirmed the decree and whatever difficulty seems to have been found in assigning reasons, the judgment of the Supreme Court upon a case in point, is binding upon all subordinate tribunals. In truth the parties to such contracts do suppose that they are entering upon engagements which bind the land; that no insolvent holder can use the wall without compensation, because the agreement to pay prevents the use of the wall for the benefit of the land without pay, regardless of whose hands it may come to. It is intended to be, what the Supreme Court calls it, an

incumbrance; an incumbrance which the owner, by becoming owner and building, assumes to pay, as a vendee by accepting a conveyance reciting that he is to pay a mortgage, assumes it. In Gibson v. Holden, they repeat that the lot is charged with the burden of paying. Any money burden upon land is a lien. On the case made by the bill the appellant was entitled to a decree for compensation for half of the wall, and charging the same as a lien upon the premises of the appellee.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion. What the merits of the case are will be ascertained by such proceedings.

*Reversed and remanded.*