JOHN McEWEN

v.

OSCAR J. NELSON.

*Party Wall Agreement—Use of Wall—Liability for—Evidence.*

In the case presented, this court holds, in view of the evidence, that the use put to a certain party wall by the defendant therein, made him liable within the terms of a certain party wall agreement previously entered into between the parties thereto.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellant.

Messrs. ADAMS & HAMILTON, for appellee.

WATERMAN, J.    John McEwen and Oscar J. Nelson being the owners of adjacent lots in the city of Chicago, entered into a party wall contract, in which it was provided that said McEwen might build a party wall resting upon the two lots, and that the said Nelson might join to and use the same, "provided always, nevertheless, and on this express condition, that said party of the second part (Nelson), his heirs and assigns, before proceeding to join any building to the said partition wall and before making any use thereof or breaking into the same, shall pay in to the said party of the first part (McEwen), his heirs and assigns, the full moiety, or one-half part of the value of the said party wall, or so much thereof as shall be joined to or used as aforesaid, which value shall be the cost price at the time when such wall is to be used by the said party of the second part, as fixed, estimated and assessed by three disinterested persons mutually chosen as arbitrators between them."

McEwen in 1883 erected a party wall extending along a

portion of the dividing line between the lots. In 1885 Nelson joined to and used this wall, and paid McEwen one-half the value thereof. Nelson then (under the provisions of the contract) extended the party wall fifty-one feet toward the rear of the premises. McEwen in 1888 erected a building adjacent to this extension. McEwen not having offered to pay anything for the wall, Nelson filed a bill setting up the contract, the erection of the adjacent building by McEwen, that thereby McEwen made use of the party wall so extended by him, Nelson, and that he had failed to pay anything therefor. The bill prayed for a decree establishing a lien for such sum as it might be found McEwen ought to pay, and an order for the sale of McEwen's premises in case he failed to pay as he might be ordered.

The bill was answered by McEwen and the cause referred to a master to take testimony and report.

The master reported that in the month of February, 1888, John McEwen commenced the erection on his said lot 3, of a frame building; that in the erection thereof he dug down and put posts against the said party wall and fastened them with spikes, and that one of said posts rested upon the foundation stone of said party wall erected by Nelson; that the supporting beam of the said frame building was inserted into the said party wall to a distance of four inches or more; that the walls of said frame building were against the said party wall; that the roof of said building erected by McEwen is matched right against the said party wall to keep it tight; that in erecting said frame building, said McEwen joined to the said party wall to the height of forty-five feet on the rear thirty-two feet; that the frame building so erected has the support and protection of said party wall erected by Nelson.

The master's report was approved and confirmed by the court, and a decree entered that McEwen pay to Nelson the sum of $286.22, being the value of one-half of the party wall at the time it was joined to and made use of by McEwen, together with $34.34 interest thereon from the date of the commencement of the suit, and $57.55 costs, being in all the

sum of $378.11, with interest thereon from the date of the decree; and that the complainant have a lien upon lot 3, the premises of McEwen, therefor, and that in default of such payment the master report that fact to the court for an order of sale as in the foreclosure of a mortgage.

From this decree McEwen prayed and perfected an appeal to this court.

The right to a lien under the case made by the bill was settled by a previous decision made by this court in this case. 35 Ill. App. 100. The only question now to be considered, is whether McEwen in erecting his building, did make any use of, or break into, the said party wall.

The finding of the court below is that he did, and this finding appears to be sustained by the evidence.

McEwen's own witnesses testify that his building is in part supported or braced by posts spiked to the party wall; these witnesses also testify to other use made of the wall in erecting McEwen's building, some of which has since been abandoned. Whether this was originally done with McEwen's knowledge is quite immaterial. His building has for more than two years remained thus joined to and supported by the party wall.

The contract does not make the obligation of McEwen to pay for one-half the value of the wall, dependent upon the extent to which he should use it, but declares that he shall pay before making any use thereof.

Appellant has not only made use of the wall, but has received and is receiving substantial benefit therefrom; he should, therefore, pay in accordance with his agreement.

The decree of the court below is affirmed.

*Decree affirmed.*