William T. Maypole and John J. Maypole
v.
Henry H. Forsyth.

American Tube and Iron Co. and Robert K. Story
v.
William T. Maypole and John J. Maypole.

*Party Walls.*

When the right to take down a party wall, because it has become unsafe, exists, the party who takes it down without the consent of the other, must exercise reasonable care to do his neighbor no unnecessary harm, but the support which the building of the neighbor needs in place of the wall, must be provided by himself.

[Opinion filed June 6, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. O. H. Horton, Judge, presiding.

Messrs. Arthur B. Wilson and Edward Maher, for William T. and John J. Maypole, appellants.

Messrs. Weigley, Bulkley & Gray, for American Tube & Iron Co. and Robert K. Story, appellants.

Messrs. Holden & Buzzell, for Henry H. Forsyth, appellee.

Gary, J. These are appeals on one record and with one abstract, from interlocutory orders granting injunctions; but no briefs are filed in the second case, and that appeal is therefore hereby dismissed.

As to the first case the facts are : In 1874 one Gates was the owner of a lot 3, and one Bowen the owner of the north part of a lot 6, which was next south of lot 3. They made an agreement, under seal, which, among other things, recited that they were "desirous of erecting a party wall on said south line of lot 3 and north line of lot 6 above mentioned, so soon as the same can be done, in a good and substantial manner and suitable to buildings to be erected by the owners of said parcels of ground respectively." It then recited that there was then a wall "on or near" the line which answered "a present purpose to the building of" Bowen; provided that Gates might join to it for a building on lot 3, "and for that purpose may make the proper opening in said wall to allow insertion of joist the proper length for use and support by the party wall to be erected as hereinbefore mentioned," and that when "the owner of either parcel of land above mentioned shall require said party wall to be built," the wall then standing "may be removed at the expense of" and the material to belong to Bowen; that "for that purpose either party may lawfully enter" and build a party wall according to specifications contained in the agreement. A final paragraph made the contract "binding upon the heirs, executors, administrators and

assigns " of the parties. Gates built to the old wall, and afterward conveyed to the appellee; Bowen conveyed to the appellants. The appellants, when this bill was filed, were about to take down the old wall, preparatory to building anew upon their property, and the sole question on this appeal is whether they are under any duty to support the building of the appellee when so doing.

To carry out the principle upon which Nelson v. McEwen, 35 Ill. App. 100, and the cases in the Supreme Court which are there followed, were decided, it must be held that such an agreement as Gates and Bowen made follows the lands into the hands of subsequent owners, so that they have the same rights, and are subject to the same burdens, as the original parties from whom they respectively derive their titles.

When the right to take down a party wall, because it has become unsafe, exists, the party who takes it down without the consent of the other, must exercise reasonable care to do his neighbor no unnecessary harm; but the support which the building of the neighbor needs in place of the wall, the neighbor must himself provide. The whole duty of the party taking down the wall is negative—to do no unnecessary harm; not affirmative—to prevent consequences of the exercise of his right. When the right to support by the wall ceases, the owner of the building needing support, must provide it. Peyton v. Mayor, 9 B. & C. 725; 17 E. C. L. 324; as construed in Partridge v. Gilbert, 15 N. Y. 601.

Here the agreement in terms gives the right to take the wall down. The right is as absolute as if the wall belonged wholly to appellants, and had been attached to by the appellee without license.

Whatever may be the necessary consequences of taking down the wall, must be guarded against or suffered by the appellee, and the order restraining the appellants Maypole from removing the wall without furnishing adequate support to the building of the appellee, is erroneous. It is therefore reversed and the cause remanded with directions to the Circuit Court to dissolve that injunction.

*Reversed and remanded.*